UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

YOLANDA G,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 3:25-cv-05663-TLF

ORDER REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of the Administrative Law Judge's ("ALJ") decision denying plaintiff's application for supplemental security income ("SSI"). Dkts. 4, 12.

Plaintiff asserts two issues. First, plaintiff argues the ALJ improperly declined to include the opinions of the state agency medical consultants, namely plaintiff's "need for a predictable routine without high production standards." Dkt. 12 at 3-4. Second, plaintiffs argues evidence submitted to the Appeals Council undermines the ALJ's decision, requiring a remand. Dkt. 12 at 5.

The parties unanimously consent to the jurisdiction of a Magistrate Judge. Dkt. 2. For the reasons below, the Court reverses the decision of the ALJ and remands for further administrative proceedings.

## I. BACKGROUND

Plaintiff filed her SSI application on October 13, 2022, alleging disability beginning October 13, 1998.[1] AR 149. Defendant denied her claim initially and on reconsideration.

Plaintiff appealed, and the ALJ issued a decision finding plaintiff was not disabled May 31, 2024. AR 149, 162. The ALJ resolved the required five-step analysis as follows. At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since October 13, 2022, the application date. AR 151. At step two, the ALJ found plaintiff had severe impairments of schizophrenia, depressive disorder, bipolar disorder, attention deficit-hyperactivity disorder, migraines, post-traumatic stress disorder, and anxiety disorder. AR 151. At step three, the ALJ found plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of listed impairments. AR 153.

The ALJ determined that plaintiff has the following RFC:

> claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to performing simple, repetitive tasks, and limited to having interactions with co-workers, the general public, and supervisors on a not more than occasional basis. Exposure to unprotected heights is limited to never and operation of heavy machinery is limited to never.

AR 156.

As discussed below, the ALJ's decision addressed the opinions of state agency consultants Dr. Lisa H and Dr. Steven H. AR 160 (citing AR 386-88, 398-99). Finally, the ALJ found that while plaintiff had no past relevant work, she had the capacity to

[1] Plaintiff's brief clarifies that "because the earliest onset in an SSI case is the date of application, the issue is whether Plaintiff has established disability since her protective filing date." Dkt. 12 at 2.

perform jobs that exist in significant numbers in the national economy, including hand packager, machine packager, and motel housekeeper. AR 161-62.

Plaintiff appealed to the Appeals Council which denied plaintiff's request for review. AR 1. As will be elaborated below, plaintiff presented evidence not before the ALJ to the Appeals Council. This included the opinions of Kathryn Henley, PMHNP, and Dr. Bruce Tapper. AR 341-49.

Plaintiff now appeals to this Court.

## II. DISCUSSION

### A. State Agency Consultants

Plaintiff first challenges the ALJ's translation of the opinions of two state agency consultants into the RFC. Dkt. 12 at 3.

Dr. Lisa H and Dr. Steven H both provided opinions within defendant's "Disability Determination Explanation" at the initial and reconsideration levels respectively. AR 385, 388-89, 392-93 (Dr. Lisa H), 396, 399-400, 404-05 (Dr. Steven H). Both consultants found plaintiff had "adaptation limitation[s]," including moderate limitations in her ability to "respond appropriately to changes in the work setting" and "set realistic goals or make plans independently of others." AR 392, 405. Both consultants then provided the same narrative explanation that "Clmt can adapt to predictable routine labor without high production standards." AR 392, 405.

The ALJ's RFC, in pertinent part, limited plaintiff to "simple, repetitive tasks" and "having interactions with co-workers, the general public, and supervisors on a not more than occasional basis." AR 156.

In so finding, the ALJ found the state agency consultants' "moderate limitations in adapting and managing herself are not persuasive" as the "[e]vidence supports mild as

opposed to moderate limitations." AR 160. The ALJ cited plaintiffs' daily activities and ability to care and live independently, in addition to "exams showing the claimant reports having hallucinations, but knows they are not real." AR 160.

Plaintiff now argues the "ALJ's findings are consistent with the medical consultant's opinions regarding social function but do not adopt their opinions concerning the need for a predicable routine without high production standards." Dkt. 12 at 4 (citing AR 392-93, 404-05). In other words, plaintiff argues remand is required as the ALJ failed to "either adopt or reject this opinion . . ." Dkt. 12 at 5.

An ALJ may translate medical opinions into concrete restrictions so long as these restrictions are consistent with the medical evidence. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)); *see also Oshsner v. Comm'r of Soc. Sec.*, No. CV-20-01683-PHX-JJT, 2021 WL 5936932, at *2 (D. Ariz. Dec. 16, 2021) ("the ALJ need not adopt, verbatim, the specific work restrictions or limitations any physician or medical provider assigns").

Even setting aside the similarity of the terms 'repetitive,' 'predictable,' and 'routine,' the District Court for the Eastern District of California rejected a similar argument. *Vang v. Comm'r of Soc. Sec.*, 2:14–cv–1327–KJN, 2015 WL 3541380, at *3 (E.D. Cal. Jun. 4, 2015). There, the Court held it was "rational for the ALJ to conclude that the restriction to simple repetitive tasks adequately accounted for plaintiff's poor ability to handle work stress." *Id.* The Court reasoned "that simple, repetitive, routine work needs little or no judgment, involves simple duties that can be learned quickly, and therefore is predictable and generally less likely to induce stress." *Id.*

"To be sure, a limitation to simple repetitive tasks may not adequately account for workplace stress in every case." *Id.* However, similar to the present matter, the plaintiff

there pointed to no evidence that plaintiff "requires a more particularized accommodation." *Id.* The state agency consultants' generalized statement of a "need for a predicable routine without high production standards" does not express a specific need for a more particularized accommodation. AR 392-93, 404-05.

Thus, the Court finds the ALJ properly evaluated and translated the opinions of the two state agency consultants when formulating plaintiff's RFC.

**B. Evidence Presented to Appeals Council**

Plaintiff next "requests that the Court remand this case for further consideration of an opinion from Plaintiff's treating mental health provider, Kathryn Henley, PMHNP, and an opinion from psychologist Bruce Tapper, Ph.D., which were presented to the Appeals Council." Dkt. 12 at 6 (citing AR 341-43, 345-49).

PMHNP Henley completed a "Documentation Request for Medical Condition and for Medical or Disability Condition" on June 26, 2023. AR 341, 343. PMHNP Henley checked numerous boxes that plaintiff was limited in her ability to "concentrate for extended periods of time," "follow instructions," "interact with people," with her "memory retention." AR 341. She also wrote that plaintiff had the additional limitations of "low emotional stress tolerance" and "high levels of anxiety." AR 341. The form additionally checked a box that plaintiff's conditions would "likely limit [her] ability to work, look for work, or train for work," laid out a treatment plan, and issues that needed further evaluation (such as auditory hallucinations, PTSD). AR 342-43.

Dr. Tapper provided a "Psychological / Psychiatric Evaluation" on July 19, 2022. AR 345, 348. The evaluation documented Dr. Tapper's clinical interview with plaintiff over the phone, and lists numerous clinical findings that plaintiff's social anxiety and poor concentration would affect her ability to work. AR 346. Dr. Tapper additionally

noted plaintiff is “too socially anxious to function around other people and cannot perform in the workplace” and “[s]he is unable to focus and persist in tasks because of her ADHD, dyslexia, and anxiety.” AR 346. Dr. Tapper then noted an overall “severe” rating, with numerous “severe impairments” (including, but not limited to, ability to adapt, performing effectively in a work setting, and completing a normal work week without interruptions from psychologically based symptoms). AR 347.

Dr. Tapper provided a mental status exam which elaborated on the above findings, including “[s]he is extremely sensitive to stress and she tries to keep her routine predictable . . . she has been able to improve her agoraphobia and is able to leave the house as long as she goes to familiar places and never strays away from home more than 4 hours in a day.” AR 348. And, “[s]he has to keep things predictable and simple or she will decompensate.” AR 348. Finally, Dr. Tapper reported “[h]er auditory hallucinations are much less than they used to be” and “[s]he continues to experience visual hallucinations but states that they do not bother her.” AR 349.

The Appeals Council, when denying review, found the opinions of Dr. Tapper and Nurse Practitioner Hanley “d[id] not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence.” AR 2.

Social Security regulations permit claimants to submit new evidence to the Appeals Council. 20 C.F.R. § 404.970(b).[2] When the Appeals Council considers the new evidence when denying review of the ALJ’s decision, it becomes part of the

[2] These regulations also states the “Appeals Council will only consider additional evidence . . . if you show good cause for not informing us about or submitting the evidence . . .” 20 C.F.R. § 404.970(b). While defendant briefly references this requirement, Dkt. 14 at 6, defendant does not substantively argue it is a basis for rejecting plaintiff’s claim. Dkt. 14 at 6-10.

administrative record. *Brewes v. Comm'r of Soc. Sec.*, 682 F.3d 1157, 1162-63 (9th Cir. 2012).

This Court must consider this evidence when assessing the ALJ's decision for substantial evidence. *Id.* This includes new evidence the Appeals Council considered but did not exhibit, *see Williams v. Berryhill*, No. 17-5885-BAT, 2018 WL 6737511, at *3 (W.D. Wash. Apr. 19, 2018), which occurred in the present matter. AR 2.

Thus, the question is whether the ALJ's decision remains supported by substantial evidence in light of this new evidence. *Rasmusen v. Comm'r of Soc. Sec.*, No. C24-5238-SKV, 2024 WL 4349599, at *2 (W.D. Wash. Sept. 30, 2024). The answer depends on whether there is a reasonable possibility that the new evidence would have changed the outcome of the determination. *Id.*

To illustrate, the District Court for the Eastern District of Washington held "new evidence create[d] a reasonable possibility that the ALJ would reach a different decision" when "[t]wo medical experts examined Plaintiff and assessed serious limitations, questioning his ability to perform the mental demands of basic work activity, and bolstering his claims of disabling depression and anxiety." *Diego v. Colvin*, 31 F. Supp. 3d 1183, 1192 (E.D. Wash. 2014).

In *Diego*, one of the medical opinions in the latter stated "'it would be extremely difficult for him to maintain any sort of employment due to his lack of vision, and his extreme anxiety with leaving his home'" which caused him to be "'extremely uncomfortable and fearful' in unfamiliar environments." 31 F. Supp. 3d at 1191. These two opinions are similar to the two plaintiff asserts in the present matter. *Compare id. with* AR 348 ("extremely sensitive to stress . . . has to keep things predictable and simple or she will decompensate."), 346 ("too socially anxious to function around other

people and cannot perform in the workplace”), 341 (“low emotional stress tolerance . . . high levels of anxiety”).

Thus, the opinions of Dr. Tapper and PMHNP Henley similarly serve to “bolster[ plaintiff’s] claims” as to plaintiff’s limitations, such as her stress tolerance. *Diego*, 31 F. Supp. 3d at 1192. To illustrate further, the ALJ rejected Dr. Melinda Losee’s medical opinion on plaintiff’s stress tolerance on the basis that “the opinion claimant may be affected by stress is too ambiguous to be persuasive . . .” AR 159 (citing AR 2155). In a similar vein, the Ninth Circuit has new evidence presented to the Appeals Council justifies a remand when an ALJ bases their decision on the perceived absence of medical evidence. *See Borrelli v. Comm’r of Soc. Sec.*, 570 Fed. Appx. 651, 652 (9th Cir. 2014).

## III. CONCLUSION

For the reasons above, the Court **REVERSES** the ALJ’s decision and remands for further proceedings to consider the opinions of Dr. Tapper and PMHNP Henley.

Dated this 21st day of July, 2026.

Theresa L. Fricke
United States Magistrate Judge